WALTER SCHEIRER *v.* FRENISH, INC., ET AL.
(AC 18306)

Lavery, Schaller and Hennessy, Js.

Argued September 29—officially released December 28, 1999

*Alexander Scheirer*, for the appellant (plaintiff).

*Francis P. Alvarez*, with whom were *Christina L. Calise* and, on the brief, *Diane K. Rembleske*, for the appellee (defendant Bic Corporation).

*Opinion*

SCHALLER, J. The plaintiff, Walter Scheirer, appeals from the judgment of the trial court rendered following the granting of the motion for summary judgment filed by the defendant Bic Corporation.[1] The defendant claimed in its motion that the plaintiff's action was

---

[1] The other defendants, Frenish, Inc., Gail McHugh, Timothy Craven and David Eisenhandler, are not parties to this appeal. We refer in this opinion to Bic Corporation as the defendant.

barred by the exclusive remedy provisions of the Workers' Compensation Act (act).[2] On appeal, the plaintiff claims that the trial court improperly granted the defendant's motion for summary judgment because a genuine issue of material fact exists as to whether the plaintiff's injury resulted from his employer's intentional conduct thereby satisfying the narrow exception to the exclusivity provision of the act and allowing the plaintiff to pursue his common-law remedy in a trial. We affirm the judgment of the trial court.[3]

The following facts are relevant to this appeal. On December 17, 1991, the plaintiff was at work when he suffered a cerebral aneurysm. At the time, Gail McHugh was a registered nurse also employed by the defendant. McHugh was called on to examine and evaluate the plaintiff after a foreman observed that he was acting strangely. After evaluating and questioning the plaintiff,

[2] At the time of the plaintiff's injury, General Statutes (Rev. to 1991) § 31-284 (a) provided: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

All references herein to § 31-284 are to the 1991 revision of the statute. The preceding language is presently codified, with minor technical changes, at General Statutes § 31-284 (a).

[3] In addition to arguing that the trial court was correct in finding that no genuine issues of material fact exist, the defendant maintains, as an alternate ground for affirmance, that the judgment should be affirmed because the plaintiff's claim is preempted by § 301 of the Labor Management Relations Act. 29 U.S.C. § 185. We need not address this alternate ground since the trial court properly granted summary judgment for the defendant.

McHugh called an ambulance to take the plaintiff to a hospital.[4]

The plaintiff initially filed a complaint against the defendant alleging, inter alia, that the defendant directed or authorized McHugh to withhold medical treatment from him.[5] The plaintiff further alleged that his injuries, which included a severe fracture of the cranium and permanent brain damage, were caused by the defendant's intentional conduct.[6]

The defendant moved for summary judgment claiming that, in the absence of proof by the plaintiff that the defendant intended to injure the plaintiff by withholding medical treatment, the exclusive remedy provisions of the act barred the plaintiff's claim. By affidavits and deposition transcripts, the defendant submitted proof that it did not withhold medical treatment from the plaintiff. The plaintiff, however, claimed that there was a genuine issue of material fact as to whether the defendant directed or authorized McHugh to withhold treatment from the plaintiff. In opposition to the motion, the plaintiff relied on the deposition testimony of McHugh in which she testified that it was the policy of the defendant that she should act in a manner to minimize employee absenteeism, especially absenteeism due to a work-related injury. The plaintiff argued that

---

[4] At her deposition, McHugh testified that the actions she took concerning the plaintiff on December 17, 1991, were based on her own professional judgment. She further testified that on that day, she received no directions or instructions from the defendant concerning the plaintiff's condition and that the defendant does not have a written policy relating to calling an ambulance.

[5] The plaintiff's complaint was in three counts: one count sounded in contract, one in negligence and one in intentional tort. On August 29, 1994, the trial court granted the defendant's motion to strike the plaintiff's contract and negligence claims.

[6] Specifically, the plaintiff claims that as a result of the defendant's intentional conduct, McHugh did not call an ambulance right away and that she left the plaintiff unattended. The plaintiff alleges that, while unsupervised, he collapsed and struck his head on the floor causing additional injuries.

the defendant's conduct would permit a factual finding that the defendant instructed McHugh to delay seeking medical services for the plaintiff.

The trial court granted the defendant's motion for summary judgment on the basis of the exclusivity provisions of the act. The court determined that the plaintiff's argument was not plausible and that no genuine issue of material fact existed. The court stated that "it would seem logical that [reducing absenteeism due to work-related injury] would be the policy of the medical staff of any employer and cannot be equated with a policy of intentionally withholding medical treatment." The plaintiff appealed.

We begin by addressing the appropriate standard of review of a trial court decision granting a motion for summary judgment. "Pursuant to Practice Book § 384 [now § 17-49], summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 105–106, 639 A.2d 507 (1994).

"Although the court must view the inferences to be drawn from the facts in the light most favorable to the

party opposing the motion . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . A party opposing a motion for summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) *Altfeter* v. *Naugatuck*, 53 Conn. App. 791, 801, 732 A.2d 207 (1999).

The present case raises the question of whether the complaint, deposition and affidavits submitted in opposition to the defendant's motion for summary judgment sufficiently raise a genuine issue of material fact as to whether the defendant committed an intentional tort or engaged in wilful or serious misconduct sufficient to allow an employee to bring a common-law tort action against his employer and thereby avoid the exclusivity provision of the act. Our Supreme Court has "consistently . . . interpreted the exclusivity provision of the act, General Statutes § 31-284 (a), as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct. *Jett* v. *Dunlap*, 179 Conn. 215, 217, 425 A.2d 1263 (1979)." *Suarez* v. *Dickmont Plastics Corp.*, supra, 229 Conn. 106.

*Jett* "is the seminal case in which [our Supreme Court] articulated this narrow exception and held that the exclusivity of the act would not be eroded when the employee alleges an intentional tort by his supervisor. In *Jett*, [the court] recognized the distinction between the actor who is 'merely a foreman or supervisor,' to which attribution of corporate responsibility for his or her conduct is inappropriate, and the actor who 'is of such a rank in the corporation that he [or she]

may be deemed the alter ego of the corporation under the standards governing disregard of the corporate entity,' to which attribution of corporate responsibility is appropriate." Id.

In the present case, the plaintiff claims that the defendant's intentional conduct caused his injuries. The plaintiff cites the standard that a party is entitled to consideration not only of the facts, but also of the inferences reasonably and logically drawn therefrom. See *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 378–81, 260 A.2d 596 (1969). First, the plaintiff argues that a "high concentration of company pressure to avoid the loss .of employee work time" existed at the defendant's place of business. The plaintiff bases this argument on the defendant's work policy that was designed to reduce employee absenteeism. Next, the plaintiff offers the argument that the fact that McHugh did not immediately call for an ambulance leads ineluctably to the conclusion that appropriate medical treatment was intentionally withheld because of the work policy. The plaintiff's line of reasoning is unpersuasive. Moreover, the plaintiff mischaracterizes McHugh's testimony and ignores her undisputed testimony explaining her independent actions in relation to the treatment of the plaintiff. In addition, the plaintiff has not disputed evidence presented by the defendant that McHugh actually attended to the plaintiff's medical needs.[7] Instead, the plaintiff essentially asks this court to speculate that McHugh's delay in summoning an

---

[7] In her deposition and affidavit, McHugh testified that she first observed the plaintiff in a supervisor's office and tried to determine if he was on medication. McHugh stated further that she later examined the plaintiff in the health services office where she checked the plaintiff's pupils and took his blood pressure and pulse. McHugh's examination of the plaintiff revealed a blood pressure of 160/80, a pulse of 104 and pupils that were round, equal and reacting to light. In addition, McHugh testified that she asked the plaintiff a series of questions. After the plaintiff answered several questions, McHugh then summoned an ambulance to transport the plaintiff to the hospital.

ambulance in the context of the defendant's work policy amounts to an intentional withholding of medical treatment by the defendant. Although a court may consider inferences reasonably and logically drawn from the facts, we disagree with the plaintiff that the trial court could reasonably have reached that conclusion on the basis of the inferences drawn from the facts of this case. The trial court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

