[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
CT Page 3276
The plaintiff, Nancy Anufrijevas, has filed a one count products liability action against the defendant, American Photography Appliance Center, in which she alleges that she was injured as a result of a defective product manufactured and placed into commerce by the defendant. Before the court is the defendant's motion for summary judgment as to the entire action. The defendant argues that it is entitled to summary judgment as a matter of law because the plaintiff's action is barred by the statute of repose and by the applicable statute of limitations enumerated in § 52-577a.
The court will first discuss the relevant statute of repose.
As set forth in Section 52-577a, there exists a ten-year statute of repose on any products liability action. As such, any such action must be brought no later than ten years from the date that the manufacturer last parted with possession or control of the product. Kelemen v. Rimrock Corp. , 207 Conn. 599,542 A.2d 720 (1988) ("[t]he intent of the statute is to hold sellers of products liable for a certain time period after these products have left their possession or control and entered the marketplace"); see also Perruccio v. Pakulis, Superior Court, judicial district of Middlesex at Middletown, Docket No. 054919 (February 21, 1992, Austin, J.)
In the present case, the defendant has offered an affidavit attesting that the product was last in the control of the defendant in October of 1984 and has been substantially altered and modified since. According to the affidavit, the defendant has neither serviced and maintained the product nor otherwise been involved with the machine until after initiation of the present lawsuit. In this respect, the defendant's lack of control over the product within the last fifteen years places this action squarely within the statute of repose. See Kelemenv. Rimrock Corp. , supra, 207 Conn. 609 (statute of repose bars action even though manufacturer periodically notified buyers of possible harmful defects.)
As set forth in § 52-577a(d), the ten-year statute of repose may be extended by express warranty. In the present case, however, the plaintiff has failed to provide any evidence as to such an express warranty. Likewise, the plaintiff has failed to show that the defendant, engaged in any conduct which might CT Page 3277 toll the statute of repose. The plaintiff, accordingly, has failed to meet its burden in showing that there is a material question of fact which would preclude the granting of the motion for summary judgment. Scheirer v. Frenish, Inc.,56 Conn. App. 228, 233, ___ A.2d ___ (1999) ("a party opposing a motion for summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue")
The statute of repose, therefore, bars the plaintiff from proceeding with the present action. Having so found, the court need not discuss the defendant's alternative ground for summary judgment, the statute of limitations. The defendant's motion for summary judgment is granted.
The Court
Nadeau, J.