[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#116)
The defendants move for summary judgment on the ground that there is no genuine issue of material fact because the plaintiff's action is barred by the exclusivity provisions of the Worker's Compensation Act and does not fall within the narrow exception to the Act.
 FACTS
This action arises out of an accident in which the plaintiff was involved during the course of his employment. The plaintiff, Marc CT Page 3846 Gaudet, was employed by the defendant, Ray O'Connell Painting Co., a/k/a R.H. O'Connell Painting, as a painter. The defendant, Ray O'Connell Jr., is the owner of Ray O'Connell Painting Co. On July 9, 1997, O'Connell and several employees of O'Connell of O'Connell, including Gaudet, were painting the Yantic Fire House using a large aluminum ladder. As three O'Connell employees, including Gaudet, one volunteer fireman and O'Connell, were moving the ladder away from the fire house, a gust of wind caused the ladder to hit the overhead electrical wires, electrifying Gaudet.
On July 15, 1999, the plaintiff filed a complaint against the defendants, Ray O'Connell Painting Co., a/k/a/ R.H. O'Connell Painting and Ray O'Connell Jr. for personal injuries. An amended revised complaint was filed on February 17, 2000.
On August 22, 2000, the defendants filed a motion for summary judgment, a memorandum in support of the motion and affidavits of Ray O'Connell, Paul O'Connell and Michael Hodges. On November 15, 2000, the plaintiff filed a memorandum in opposition to the motion for summary judgment.
 DISCUSSION
Pursuant to Practice Book § 17-45, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385,752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "The party seeking summary judgment has the burden of showing the absence (of] any genuine issue of material facts. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820
(1998). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363, 372
n. 7, 746 A.2d 753 (2000).
The defendants move for summary judgment on the ground that the plaintiff's action is barred by the exclusivity provisions of the Workers' CT Page 3847 Compensation Act. The plaintiff argues in opposition that his claim is brought under an exception to that exclusivity rule based on his allegations that his injuries were caused by the willful and serious misconduct of Ray O'Connell Painting in one or more of the following ways: (a) in that the Defendants required the Plaintiff . . . to move an extended 250 pound aluminum extension ladder during windy conditions within fifteen (15) feet of energized overhead 8,000 volt primary power electrical wires without proper safeguards; and (b) in that the Defendants required the Plaintiff . . . to work in the vicinity of energized primary electrical power wires with a conductive aluminum ladder under inclement, adverse, stormy and windy weather conditions." (Complaint, ¶ 6.) The plaintiff further alleges that "[t]he foregoing actions by the Defendants were taken with a substantial certainty that the injuries to the Plaintiff . . . would result."
General Statutes § 31-284 (a), the exclusivity provision of the Worker's Compensation Act, provides in relevant part: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained. . . ." "Our Supreme Court has consistently . . . interpreted the exclusivity provision of the act, General Statutes § 31-284 (a), as a total bar to common-law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." (Internal quotation marks omitted.) Scheirer v. Frenish, Inc., 56 Conn. App. 228, 233, 742 A.2d 808
(1999).
To determine whether an employer's conduct was intentional, the Supreme Court, in Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 109,639 A.2d 507 (1994)and Mingachos v. CBS, Inc., 196 Conn. 91, 491 A.2d 368
(1985), adopted the definition of intent as set forth in the Restatement (Second) of Torts that intent "denote[s] that the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it." 1 Restatement (Second), Torts § 8A (1965). "Intent is clearly a question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case. . . . Thus, whether the actor knows that the consequences of his or her conduct are certain or substantially certain to result from his or her act and still proceeds with the conduct, so that he or she should be treated by the law as though he or she in fact desired to produce the result, is a question of fact for the jury."Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 99, 111.
CT Page 3848
"The substantial certainty test differs from the true intentional tort test but still preserves the statutory scheme and the overall purposes of the act. The problem with the intentional tort test, i.e., whether the employer intended the specific injury, appears to be that it allows employers to injure and even kill employees and suffer only workers' compensation damages so long as the employer did not specifically intend to hurt the worker. . . . Prohibiting a civil action in such a case would allow a corporation to `cost-out' an investment decision to kill workers. . . . The `substantial certainty' test provides for the `intent to injure' exception to be strictly construed and still allows for a plaintiff to maintain a cause of action against an employer where the evidence is sufficient to support an inference that the employer deliberately instructed an employee to injure himself. . . ." (Citations omitted; internal quotation marks omitted.)Id., 109-10.
The Superior Court recognizes a two part test for the intentional/substantial certainty exception to the Worker's Compensation exclusivity provision: "(1) whether, from a purely physical perspective, the intentional doing of the alleged act was substantially certain to cause injury to the employee and 2) did the employer in fact believe that an injury would follow with substantial certainty." Hedman v. Manner DieCastings Co., Superior Court, judicial district of Ansonia/ Milford at Milford, Docket No. 059034 (July 27, 1999, Grogins, J.). See also Recaldev. Emhart Industries, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053222 (February 4, 1999,Corradino, J.)
Once a substantial certainty from a physical perspective is shown, "the plaintiff must still show that the employer had reason to believe that this was so. Cases from foreign jurisdictions that discuss this aspect of substantial certainty often look at a myriad of factors such as previous accidents or injuries, blatant safety violations, or explicit or implicit threats to the employee to secure worker compliance at the particular job, in order to show or infer that the defendant was substantially certain as to the risk of injury." Hedman v. Manger Die Castings Co., Superior Court, judicial district of Ansonia/ Milford at Milford, Docket No. 059034 (July 27, 1999, Grogins, J.).
To defeat the defendants' motion for summary judgment, the plaintiff must prove there is no justicable issue as to either prong of the test.
The first question to be addressed, then, is whether a genuine issue of material fact exists as to whether, from a physical perspective, the plaintiff's injuries were substantially certain to result from moving the ladder during windy conditions. The defendants argues that the plaintiff's injuries were not a substantial certainty because there "was CT Page 3849 no substantial certainty . . . that a gust of wind sufficient to move a ladder affixed in the grasp of five grown men would blow that ladder into the powerlines at the exact moment that the ladder was heeled from the side of the building." (Defendants' memorandum, p. 11.) The defendants argue that the present case is analogous to Reclade v. EmhartIndustries, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053222 (February 4, 1999, Corradino, J.), where summary judgment was granted because there was no predictable pattern of machine breakdown, thus no substantial certainty that the employee, who was not trained in repairing the machine, would be injured while repairing the machine.
The plaintiff, however, views the present case as similar to Vitale v.Ravizz Brothers, Inc., Superior Court, judicial district of New Britian at New Britain, Docket No. 497335 (February 10, 2000, Kocay, J.). InVitale, the court denied the defendant's motion to dismiss,[1] and found that "where metal machinery with a twenty-four foot high extension, unable to be manipulated with dexterity, is being operated underneath high voltage electric wires, the injuries sustained by this plaintiff, namely, electrocution and severe burns stemming therefrom, are not injuries of some indeterminate nature. Rather, they are precisely the kind of injury substantially certain to occur. Vitale v. RavizzBrothers, Inc., Superior Court, judicial district of New Britian at New Britain, Docket No. 497335 (February 10, 2000, Kocay, J.).
The factual scenario of present case bears more similarity with Vitale
than Recalde. In the present case, a large metal ladder, extended high into the air was being used in close proximity to electrical power lines. Were the injuries sustained by the plaintiff, in the present case, from a physical perspective, substantially certain to occur? If they were, plaintiff satisfies the first part of the two prong test. This question is a question of fact, which is both genuine and material and shall be submitted to the trier of fact.
The next question then is does a genuine issue of material fact exist as to whether O'Connell believed that it was substantially certain that an injury would follow the moving of the ladder under the pertaining conditions. The defendants convincingly argue that there is no genuine issue of material fact as to whether O'Connell knew that the plaintiff's injuries were a substantial certainty because "[i]f Ray O'Connell had a strong belief in the substantial certainty of injury, he would riot have been holding the same ladder as the plaintiff and would not have been electrocuted himself in this incident." (Defendants' memorandum, p. 12-13.) Also in support of their argument, the defendants offer the statements of O'Connell employees, Ray O'Connell, Paul O'Connell and an affidavit of Michael Hodges, a volunteer fireman. Each affidavit states that Ray CT Page 3850 O'Connell "did not force anyone to assist in moving said ladder." (Affidavit of Michael Hodges, ¶ 6; Affidavit of Ray O'Connell, ¶ 6; Affidavit of Paul O'Connell, ¶ 6.) Ray O'Connell "did not intend that anyone of the men on the ladder, including himself and Marc Gaudet, would be electrocuted that day." (Affidavit of Michael Hodges, ¶ 10; Affidavit of Ray O'Connell, ¶ 10; Affidavit of Paul O'Connell, ¶ 10.) "That neither myself nor any of the other men involved in moving the ladder thought that the act of moving said ladder placed us in danger of electrocution." (Affidavit of Michael Hodges, ¶ 12; Affidavit of Ray O'Connell, ¶ 12; Affidavit of Paul O'Connell, ¶ 12.) "That neither myself nor any of the other men involved in moving the ladder believed that our electrocution was substantially certain to follow the act of moving said ladder." (Affidavit of Michael Hodges, ¶ 13; Affidavit of Ray O'Connell, ¶ 13; Affidavit of Paul O'Connell, ¶ 13.)
The plaintiff argues that there is a genuine issue of material fact as to the defendant's state of mind and that determination should be left up to the jury to decide. (Plaintiff's memorandum, p. 10.) "[W]hether the actor knows that the consequences of his or her conduct are certain or substantially certain to result from his or her act and still proceeds with the conduct, so that he or she should be treated by the law as though he or she in fact desired to produce the result, is a question of fact for the jury." Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 99,111. In Recalde, however, after conducting a thorough analysis of several jurisdictions' treatment of the substantial certainty exception, the court chose to look not at whether the defendant's motion for summary judgment should be granted, but analyzed the problem "in accordance with the variant of the substantial certainty test as adopted by our own court and defined in Suarez II." Reclade v. Emhart Industries, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053222 (February 4, 1999, Corradino, J.)
While the possibility exists that a jury could conclude that from a physical perspective the precise injuries suffered by plaintiff were substantially certain to occur, the Restatement of Torts counsels that as the probability that consequences will follow decreases and becomes less certain, the actor's conduct loses the character of intent (and becomes merely reckless) 1 Restatement (Second) of Torts § 8A (1965). Under the facts of this case where the defendant O'Connell himself was moving the ladder, there can be no genuine issue of fact as to whether O'Connell believed there was a substantial certainty that the injury would occur.
Accordingly Summary Judgment is granted in favor of the defendants.
McLachlan, J. CT Page 3851